## KANA v. BAUMGARTEN–MATULA CO.
### No. 8191.

Court of Civil Appeals of Texas. Austin.
Dec. 18, 1935.

C. D. Krause, of LaGrange, and G. P. Willis, of El Campo, for plaintiff in error.

Hollis Massey, of Schulenburg, for defendant in error.

McCLENDON, Chief Justice.

Baumgarten-Matula Company, to which we will refer as plaintiff, sued Kana for deceit, growing out of his failure to sign a $200 note in accordance with his verbal promise to do so. It was alleged that he made the promise with the fraudulent intention not to keep it. The defense was the two-year statute of limitations. The trial was to the court without a jury, and the judgment was in favor of plaintiff. Kana has appealed.

The controlling facts gleaned from plaintiff's pleadings and the court's conclusions are substantially the following:

Kana and three others, Frank, Joseph, and Lud Miska, were joint makers of a promissory note in favor of plaintiff, which matured October 1, 1926, and therefore would become barred October 1, 1930. September 19, 1930, plaintiff agreed to accept from each of the four makers $200 in full settlement of the note. The amount due on that date was $800. Frank Miska then paid to plaintiff $600 on behalf of the three Miskas. Joseph Miska was not present, and Kana represented to plaintiff that he had an agreement with Joseph whereby they were to execute their joint note to plaintiff for $200. Plaintiff prepared the note, which was dated September 20, 1930, bore eight per cent. interest, was due on or before one year after date, and delivered it to Kana to be signed by Joseph and himself, and returned to plaintiff. Shortly thereafter the note was returned to plaintiff with the signatures of Joseph and wife, but without the signature of Kana. Some time in February, 1931, plaintiff sent an agent to Kana with the note. Kana declined to sign at that time, and informed the agent "that he would come to Schulenburg to sign said note." The note became due September 20, 1931, and plaintiff did not discover until that date that Kana had fraudulently represented that he would sign the note, without any intention of doing so, and with the purpose to deceive plaintiff, and thereby procure forbearance of plaintiff to sue upon the original note. The suit was filed August 10, 1933.

Plaintiff relies upon the well-established rule that the cause of action for deceit "does not accrue until the fraud is actually discovered, unless, in the meantime, it would have been discovered by the exercise of reasonable diligence." Davidson v. Commercial Nat. Bank (Tex. Civ.App.) 59 S.W.(2d) 949, 952.

Actual discovery of the fraud is not essential to accrual of the cause of action. The fraud here complained of was the intention not to perform the verbal promise to sign the note. That promise was breached when the note was returned to plaintiff shortly after September 20, 1930, without Kana's signature. The cause of action for such breach then arose, for which plaintiff had an election of remedies: (1) To rescind the forbearance agreement and sue Kana for the unpaid balance of the original note; or (2) to sue Kana for breach of his oral promise to execute the $200 note. If we treat the promise to plaintiff's agent in February, 1931, as a new contract to sign the note, still that contract was breached by Kana's failure to go to Schulenburg and sign the note as agreed. Whereupon the cause of action upon that promise arose. Each of

1080

these breaches of contract constituted. a negation of the promise to perform; and was sufficient to charge plaintiff with knowledge of the reasons for the failure or refusal to perform. The situation is analogous to that in Waggoner v. Zundelowitz (Tex.Com.App.) 231 S.W. 721, wherein it was held that knowledge of the falsity of a representation is constructive knowledge of the fact that it was fraudulent. Here there were two declinations on Kana's part to perform his agreement. No reasonable excuse, in fact no excuse whatever, for his failure to do so on either occasion, was shown. The cause of action for breach of the agreement immediately arose in each instance, the measure of recovery for which was no different from that for deceit. We think clearly that whatever cause of action plaintiff had, either for breach of contract or for deceit, arose at the latest upon his failure to go to Schulenburg and sign the note in February, 1931. The suit was not filed until more than two years and five months thereafter, and was therefore barred by the two-year statute of limitations (Vernon's Ann.Civ. St. art. 5526).

The trial court's judgment is reversed, and judgment is rendered for appellant.

Reversed and rendered.